TIMOTHY CAVANAUGH, APPELLANT, V. CITY OF OMAHA, APPELLEE.

580 N.W. 2d 541

Filed July 2, 1998.    No. S-96-491.

Thomas F. Dowd, of Dowd, Dowd & Fahey, for appellant.

Kent N. Whinnery, Deputy Omaha City Attorney, and Wendy E. Hahn, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

GERRARD, J.

## INTRODUCTION

The City of Omaha (City) is required to conduct promotion examinations according to the terms of the collective bargaining agreement (CBA) between the City and its police union. Undisputedly, the City failed to conform to the timetable of the CBA with respect to posting notice of a lieutenant examination and administering that examination during late 1989 and early 1990. As a result of the City's actions, an otherwise ineligible

sergeant was allowed to take the lieutenant examination that was administered on April 13, 1990, and he was later promoted. Timothy Cavanaugh also took the examination; however, he was not promoted. Cavanaugh brought this breach of contract action against the City as a third-party beneficiary of the CBA. The district court determined that Cavanaugh's action was barred by the statute of limitations. The Nebraska Court of Appeals reversed, holding that the district court failed to identify a breach which brought the action within the limitations period. See *Cavanaugh v. City of Omaha*, 5 Neb. App. 827, 567 N.W.2d 592 (1997). Because we conclude that the Court of Appeals incorrectly applied the rule for determining when a cause of action for breach accrues, we reverse the decision of the Court of Appeals and remand the cause with direction to affirm the judgment of the district court.

## FACTUAL BACKGROUND

The City is required by ordinance to maintain an eligibility list of candidates qualified for promotion within the Omaha Police Division. Each eligibility list, once established, has a limited duration of 2 years. Article 33, § 1, of the CBA between the City and the police union, which was adopted as an ordinance of the City of Omaha by action of the Omaha City Council, mandated that an examination to establish a new eligibility list take place 60 days prior to the expiration of the current eligibility list and that notice of the promotional examination be given 90 days before the administration of the examination.

The City's eligibility list for promotion to the rank of lieutenant was to expire on April 7, 1990. The CBA, therefore, required that the examination for the establishment of a new list be commenced on or before February 7 and that notice of the examination be posted on November 7, 1989. The City failed to comply with the terms of the CBA, however. Instead of posting notice of the upcoming examination on November 7, 1989, the City posted notice on January 8, 1990. Then, instead of administering the examination on February 7, the examination was administered on April 13.

The minimum number of years' experience required for an applicant to be eligible to take the police lieutenant examination

is 2 years in the rank of police sergeant. Cavanaugh met the 2-year eligibility requirement at the time the testing was to be performed in accordance with the CBA. Sgt. Donald Thorson did not have the requisite 2 years' experience at the time of the deadline under the CBA. Thorson did, however, have 2 years' experience under the City's delayed notice and testing timetable.

After the eligibility examination, Thorson ranked second on the eligibility list and Cavanaugh ranked eighth. There was a total of eight promotions made from the eligibility list prior to its expiration. Candidates ranking first through seventh and an affirmative action candidate who ranked ninth were promoted. Cavanaugh was not promoted before the list expired on July 22, 1992. Cavanaugh asserts that as a direct and proximate result of the City's administering the eligibility examination on April 13, 1990, in violation of the specific terms of the CBA, he was denied a promotion to the rank of lieutenant by virtue of Thorson's admittance to the eligibility testing and subsequent promotion.

Cavanaugh brought this action against the City on February 22, 1995, claiming that he is a third-party beneficiary to the CBA and that the City's delayed notice and testing constituted breaches of the CBA. The City asserted in its answer that the CBA was effectively amended by a memorandum of understanding between the parties to the CBA and also asserted that the action was barred by a 5-year statute of limitations. The district court found that the CBA was effectively amended by the memorandum of understanding. Additionally, the district court found that even if the CBA was breached, those breaches occurred (1) on November 7, 1989, when notice was supposed to be posted pursuant to the CBA; (2) on February 7, 1990, when the examination was supposed to be administered pursuant to the CBA; and (3) on January 8, 1990, when posting of notice actually occurred. The district court found that based on these dates, Cavanaugh's action was barred by the statute of limitations, and dismissed Cavanaugh's petition with prejudice.

Cavanaugh appealed the district court's decision to the Court of Appeals. The Court of Appeals held that the CBA was not effectively amended because such an amendment would require a vote by the police union members and approval by the Omaha

City Council, neither of which occurred in this case. *Cavanaugh v. City of Omaha*, 5 Neb. App. 827, 567 N.W.2d 592 (1997). The Court of Appeals then addressed the statute of limitations issue. The court found that not only had breaches of the CBA occurred at the three points in time identified by the district court, but that a breach also occurred on April 13, 1990, when the examination was actually administered and Thorson was allowed to sit for the examination. *Id.* Accordingly, the Court of Appeals reversed the district court's decision because it found that Cavanaugh brought this action within the 5-year statutory period of the April 13 breach. *Id.* The City petitioned this court for further review of the Court of Appeals' holding with respect to the statute of limitations issue only, and we granted further review.

## ASSIGNMENT OF ERROR
Restated, the City asserts in its assignment of error that the Court of Appeals incorrectly applied the "occurrence rule" for determining when a breach occurs when it held that the City breached the CBA by administering the eligibility examination on April 13, 1990, and by allowing Thorson to sit for the examination, thereby bringing the action within the statute of limitations period.

## STANDARD OF REVIEW
When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Veskerna v. City of West Point, ante* p. 540, 578 N.W.2d 25 (1998).

## ANALYSIS
The statute of limitations issue in this case is governed by Neb. Rev. Stat. § 25-205(1) (Reissue 1995), which provides that an action upon a written agreement or contract "can only be brought within five years." The point at which a statute of limitations commences to run must be determined from the facts of each case. A cause of action accrues and the statute of limitations begins to run when the aggrieved party has the right to institute and maintain suit. Generally, this is true even though the plaintiff may be ignorant of the existence of the cause of action. *Gordon v. Connell*, 249 Neb. 769, 545 N.W.2d 722

(1996); *Upah v. Ancona Bros. Co.*, 246 Neb. 585, 521 N.W.2d 895 (1994). A cause of action in contract accrues at the time of the breach or failure to do the thing that is the subject of the agreement. See *Brtek v. Cihal*, 245 Neb. 756, 515 N.W.2d 628 (1994).

The Court of Appeals correctly stated that one need not know the full extent of one's damages before the limitations period begins to run, as a statute of limitations can be triggered at some time before the full extent of damages is sustained. See *Gordon, supra.* See, also, *Steuben v. City of Lincoln*, 249 Neb. 270, 543 N.W.2d 161 (1996) (action accrues and statutory time within which action must be filed begins to run when injured party has right to institute and maintain lawsuit, although party may not know nature and extent of damages). In fact, a cause of action in contract accrues at the time of the breach or failure to do the thing agreed to, irrespective of any knowledge on the part of the plaintiff or of any actual injury occasioned to him or her. *Hooker and Heft v. Estate of Weinberger*, 203 Neb. 674, 279 N.W.2d 849 (1979).

The Court of Appeals also correctly noted:

The Nebraska Supreme Court has consistently used the "occurrence rule," measuring the statute of limitations from the time of the breach in contract cases and from the time of the act or omission in tort cases. . . . Thus, the fact that Cavanaugh does not know until much later whether he will or will not be promoted is a matter of the nature and extent of damages and does not prevent the accrual of a cause of action under the occurrence rule. The breach is what begins the running of the statute of limitations under Nebraska law.

(Citations omitted.) *Cavanaugh v. City of Omaha*, 5 Neb. App. 827, 835, 567 N.W.2d 592, 598 (1997). However, the Court of Appeals' identification of certain acts and omissions as breaches was dispositive of the statute of limitations issue and requires further analysis.

The Court of Appeals identified four separate breaches in the instant case: (1) failing to post notice; (2) posting notice late; (3) failing to give the test on time; and (4) giving the test on April 13, 1990, at which time Thorson was allowed to sit. After

identifying the four breaches, the last of which brought Cavanaugh's action within the 5-year statute of limitations period, the Court of Appeals went on to state: "The analysis could be extended to say that there were breaches occurring thereafter when Thorson was promoted and Cavanaugh was not." *Id.* at 836-37, 567 N.W.2d at 599. In reaching this conclusion, the Court of Appeals likened the CBA to a contract for continuing performance over a period of time, where each successive breach begins the running of the statute of limitations anew. *Cavanaugh, supra.*

The Court of Appeals' analysis relied on the Maryland case *Singer Co. v. BG&E*, 79 Md. App. 461, 558 A.2d 419 (1989). In *Singer Co.*, the defendant was a utility company that provided electricity to the plaintiff. The Court of Special Appeals determined that the defendant had a contractual obligation to supply continuous electricity to the plaintiff and that each time there was a power outage, the defendant had breached its obligation and a new statute of limitations period began to run. *Id.* While we do not pass on the correctness of the *Singer Co.* decision, we find that the Court of Appeals misapplied the rationale in *Singer Co.* to the facts of the instant case in its application of the occurrence rule.

A "breach" is a nonperformance of a duty. Arthur L. Corbin, Corbin on Contracts § 943 (1952). Article 33, § 1, of the CBA states that "[n]otice of promotional examination shall be given ninety (90) days prior to the administration of the examination, of which examination, the initial procedure, shall take place sixty (60) days prior to termination of the current eligibility list." Section 1 imposed a duty on the City to carry out the examination process in accordance with the terms of the CBA. The parties agree that the City failed to perform this duty and that the failure first occurred on November 7, 1989, when the City did not post notice of the examination within 150 days of the expiration of the then-current eligibility list. Cavanaugh's petition was filed more than 5 years after November 7, 1989.

The actions of the City after it first failed to comply with the requirements of article 33, § 1, of the CBA were necessarily inconsistent with the testing schedule envisioned in the contract. However, it is error to characterize those subsequent acts

or omissions as separate breaches, each beginning a new statute of limitations period. This is not a case like *Singer Co., supra*, where there was an ongoing, contractual duty to supply electricity that was subject to sequential breaches each time there was a power outage. Instead, the City had one duty that is at issue in this case, the administration of the examination in conformance with the specific terms of the CBA. The City failed to perform that duty when, on November 7, 1990, it did not post notice of the examination as required. The actions that followed, including the late examination administration and the admission of Thorson, were natural consequences of the November 7 breach.

It is the nonperformance of the specific affirmative duty contained in the CBA which constituted the breach in this case, not the actions taken by the City subsequent to the breach and as a result of the breach. To hold otherwise would mean that every time the City acted with respect to the promotion examination and the list generated from that examination, there would be a new breach of the CBA. Such a holding would, in effect, obviate the occurrence rule.

We conclude, therefore, that the City's breach of the CBA with respect to its duty to administer the examination occurred on November 7, 1989, when it failed to timely post notice, and that Cavanaugh's cause of action accrued at that time. The actions the City took which were consistent with that breach, i.e., the late examination administration and the admission of Thorson, only determined whether Cavanaugh would, in fact, sustain an injury as a result of the breach. Such actions did not begin the limitations period anew. As a result, Cavanaugh's claim is time-barred by the provisions of § 25-205.

## CONCLUSION

For the foregoing reasons, we determine that the Court of Appeals erred in its application of the occurrence rule. Because our ruling on the statute of limitations is dispositive of Cavanaugh's cause of action, we reverse the decision of the Court of Appeals and remand the cause with direction to affirm the judgment of the district court.

REVERSED AND REMANDED WITH DIRECTION.