IRVING F. JENSEN COMPANY, INC., AN IOWA CORPORATION, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

719 N.W.2d 716

Filed August 11, 2006.    No. S-04-1315.

Thomas H. DeLay, of Jewell, Collins & DeLay, for appellant.

Jon Bruning, Attorney General, and Martel J. Bundy for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Irving F. Jensen Company, Inc. (Jensen), appeals the decision of the district court which found that Jensen's petition against the State of Nebraska, Department of Roads (DOR), was time barred.

## BACKGROUND

In April 1998, Jensen and the DOR entered into a written contract whereby Jensen was the contractor on two construction projects commonly known as the Tarnov Wetland Site and US-81 South of Tarnov projects. The Tarnov Wetland Site, which is the subject of this action, involved the excavation and construction of a wetlands mitigation site.

With regard to the construction of the wetlands mitigation site, the contract provided:

> The contractor will be required to remove 300,000 cubic meters of material from the wetland bank as "Excavation, Borrow" for [the US-81 South of Tarnov project]. The remainder of the material will be removed and paid for as "Excavation" for [the Tarnov Wetland Site].

> The bottom one-half meter of the mitigation site and the 3 pond areas will be at or near the water table. This material will be wet and may be wasted at the site shown in the plans, not to exceed elevation 465.0, as directed by the engineer. This material would be suitable for use in the embankment, but will be slow to dry.

The contract also included by reference the "1996 Metric Supplemental Specifications to the Standard Specifications for Highway Construction Series 1985" (the Specifications), published by the DOR. Section 102.08 of the Specifications required in pertinent part that the bidder carefully examine the site of proposed work before submitting a proposal. Section 102.08 further provided that the submission of the bid was considered conclusive evidence that the bidder examined the site and was satisfied with and understood the conditions to be encountered in performing the work and other requirements of the contract.

Before commencing construction of the wetlands mitigation site, Jensen and its subcontractor for excavation of the site, J.P. Theisen & Sons, Inc. (Theisen), determined that the soil conditions were wetter than anticipated at the time of bidding. As a

result of the wetter conditions, Jensen and Theisen determined that excavation measures different from those anticipated at the time of bidding would need to be employed and that the excavation of the site would be more costly than originally anticipated.

Section 104.02 of the Specifications provided as follows:

(1) Differing site conditions:

a. The Contractor shall notify the Department in writing of the specific differing conditions before they are disturbed, before any additional work is performed, and as soon as the condition is discovered.

(1) This includes subsurface or latent physical conditions which differ materially from those indicated in the contract.

(2) It also includes unknown physical conditions of an unusual nature and differing materially from those ordinarily encountered and generally recognized as inherent in the work provided in the contract.

b. Before the site is disturbed or the affected work is performed, the Engineer shall be given an opportunity to investigate.

c. Upon written notification, the Engineer will investigate the differing conditions. If the Engineer determines that they do materially differ and will result in an increase or decrease in the cost or time required for the performance of any work under the contract, a cost (excluding loss of anticipated profits) or time allowance adjustment will be made. The Engineer will make a written determination, and the contract will be modified in writing if a change is warranted.

d. No contract adjustment which results in a benefit to the Contractor will be allowed unless the Contractor has provided the required written notice.

Section 109.05(9)(a) of the Specifications provided:

In any case where the Contractor feels that extra compensation is due for "extra work" or material neither clearly covered in the contract nor ordered in writing by the Engineer, the Contractor shall give written notice of his/her intention to make a claim for such extra compensation before the work begins.

In the spring of 1998, Jensen and Theisen notified the DOR that conditions were wetter than anticipated at the time of bidding

and requested additional payment. Jensen and Theisen also notified the DOR that it intended to seek damages for the "extra work" not included in its original bid.

In May and July 1998, the DOR conducted two meetings regarding the wetlands mitigation site project. An engineer for the DOR testified that at the May meeting, the president of Theisen inquired into how the DOR had determined the volume of material to be removed from the wetlands mitigation site and the water table information. The engineer testified that he advised Jensen and Theisen that the DOR had estimated this information based on soil borings that the DOR had taken. The engineer testified that Jensen and Theisen did not request the information from the soil borings at that time. At the July meeting, Jensen again informed the DOR that it believed the water table was higher than stated in the contract and that in order to complete the project, it would have to proceed differently at an additional cost.

On July 29, 1998, the DOR informed Jensen that site conditions were not different from those indicated in the contract, and it denied in writing Jensen's claim for additional compensation. Thereafter, rather than suffer liquidated damages, which Jensen faced under the terms of the contract if it did not complete the project within the authorized timeframe, Theisen began the excavation of the wetlands mitigation site. Following the completion of the excavation, Jensen calculated the extra costs it incurred as a result of the alleged differing site conditions and on September 7, 2000, made a claim for payment in the amount in excess of that allowed under the contract. On May 22, 2001, the DOR denied Jensen's claim. Thereafter, the DOR issued its final acceptance of the work and completion of the project. Under the terms of the contract, the DOR reserved the right to make changes to the contract or changes to the estimated compensation until final acceptance.

On August 29, 2001, Jensen filed a claim against the DOR under the State Contract Claims Act, Neb. Rev. Stat. § 81-8,302 et seq. (Reissue 2003), with the State Claims Board. The DOR objected to the submission of Jensen's claim to the State Claims Board, and the claim was withdrawn from consideration, allowing for the filing of a claim with the district court pursuant to

§ 81-8,305(3). In its operative petition, Jensen asserted causes of action for breach of contract, fraudulent misrepresentation, negligent misrepresentation, and breach of implied covenant of good faith and fair dealing. The DOR denied liability and raised as an affirmative defense the statute of limitations. The matter was then bifurcated, and a bench trial was held on the issue of the statute of limitations.

On October 29, 2004, the district court entered an order dismissing Jensen's claims. With regard to Jensen's breach of contract claim, the district court found that the breach of contract occurred and that Jensen's cause of action accrued in July 1998 when the DOR first denied Jensen's claim for additional compensation. The court stated that Jensen's claim was not filed with the risk manager until July 2001, and thus it concluded that Jensen's breach of contract action and claim for breach of implied covenant of good faith and fair dealing were time barred. With regard to Jensen's misrepresentation claims, the district court determined that the alleged misrepresentations occurred when the proposal plans and special provisions were published for bid solicitation and Jensen had signed the contract. It concluded, however, that Jensen was unaware of the misrepresentation at that time, and, applying the discovery rule, found that Jensen was put on inquiry notice in approximately May 1998, when Jensen acknowledged knowing that the site conditions differed from those represented by the DOR. Accordingly, the district court held that Jensen's claims for misrepresentation were also barred. Jensen appealed the denial of its petition, and we granted Jensen's petition to bypass review by the Nebraska Court of Appeals.

## ASSIGNMENTS OF ERROR

Jensen assigns, consolidated and restated, that the district court erred in determining that Jensen's claims for breach of contract, fraudulent misrepresentation, negligent misrepresentation, and breach of implied covenant of good faith and fair dealing were barred by the statute of limitations.

## STANDARD OF REVIEW

■ The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision

of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Teater v. State*, 252 Neb. 20, 559 N.W.2d 758 (1997).

## ANALYSIS

### BREACH OF CONTRACT

Jensen claims that the district court erred in dismissing its breach of contract claims against the DOR.

The State Contract Claims Act governs all contract disputes between the claimant and the State of Nebraska or a Nebraska state agency. § 81-8,303. Section 81-8,306 of the State Contract Claims Act provides that contract claims permitted under the act are barred unless the claim is filed with the risk manager within 2 years of the time at which the claim accrued.

Generally, a cause of action accrues and the period of limitations begins to run upon the violation of a legal right, that is, when the aggrieved party has the right to institute and maintain suit. *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 611 N.W.2d 409 (2000); *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999). A cause of action in contract accrues at the time of breach or the failure to do the thing agreed to. *Snyder v. EMCASCO Ins. Co., supra*; *Hoeft v. Five Points Bank*, 248 Neb. 772, 539 N.W.2d 637 (1995). This is so even though the nature and extent of damages may not be known. *Cavanaugh v. City of Omaha*, 254 Neb. 897, 580 N.W.2d 541 (1998); *L.J. Vontz Constr. Co. v. Department of Roads*, 232 Neb. 241, 440 N.W.2d 664 (1989).

Jensen contends that the district court erred when it determined that the breach of contract occurred in 1998 when the DOR denied the existence of differing site conditions and first refused Jensen's request for additional compensation. We agree and instead find that the breach of contract occurred on May 22, 2001, when the DOR denied Jensen's claim for extra compensation for extra work resulting from the differing conditions.

Under the terms of the contract, in order for it to be modified to account for the differing conditions, Jensen was required to notify the DOR of the differing site conditions before they were disturbed, before any additional work was performed, and as soon as they were discovered. See § 104.02(1)(a) of the Specifications.

In order to make a claim for extra work not covered under the contract or ordered in writing by the engineer, Jensen was required to give written notice of its intention to make a claim for such extra compensation before work began. See § 109.05(9)(a) of the Specifications.

Jensen adhered to both of these requirements. In 1998, before excavation of the wetlands site commenced, Jensen notified the DOR of the differing site conditions, requested additional compensation for the additional work anticipated as a result of those conditions, and, pursuant to § 109.05(9)(a), notified the DOR of its intent to seek damages for the "extra work."

Section 104.02(2) of the Specifications provided that upon notification of the differing site conditions, the engineer would investigate the differing conditions and make a written determination. The engineer did so and, in July 1998, denied Jensen's request for additional compensation based upon its determination that site conditions did not differ. The DOR claims that it was at this point that the statute of limitations commenced on Jensen's breach of contract claim. We disagree.

Under § 109.01(1)(a)(2) of the Specifications, the DOR's ultimate obligation was to pay Jensen for "the actual quantity of work performed in accordance with these Specifications." Regardless of whether the DOR breached the contract by refusing to modify the contractual obligations or expressly authorize extra work, the DOR's failure to pay Jensen for extra work that Jensen performed in compliance with the Specifications would, if proved, constitute a separate and distinct breach of contract that did not accrue until the DOR refused Jensen's claim for extra compensation. In other words, Jensen alleges that it performed extra work for which the DOR has refused to pay—a breach of § 109.05(9)(a), the extra-compensation provision. We, therefore, conclude that Jensen has stated a cause of action for a breach of contract occurring on May 22, 2001.

Because the breach of contract occurred within 2 years of the filing of Jensen's claim, we determine that the district court erred in finding that Jensen's breach of contract claim was time barred and that the court committed reversible error by dismissing the claim.

## Remaining Assignments of Error

Jensen's complaint also alleges that the act constituting the breach of the implied warranty of good faith and fair dealing was the DOR's determination in 1998 that site conditions did not differ from those described by the DOR in the contract. Jensen's claim was not filed with the risk manager until August 29, 2001. We, therefore, conclude that this claim of Jensen is time barred. We have also reviewed Jensen's assignment of error regarding misrepresentation and find it to be without merit.

## CONCLUSION

For the reasons discussed above, we reverse the district court's order with regard to its dismissal of Jensen's breach of contract claim. As to Jensen's claims for fraudulent and negligent misrepresentation and breach of implied covenant of good faith and fair dealing, we affirm the district court's decision that those claims were time barred. We remand the cause for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.

WRIGHT, J., not participating.