IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


JANDRAIN V. STAFF MID-AMERICA


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


JAMES G. JANDRAIN, APPELLANT,

V.

STAFF MID-AMERICA, INC., APPELLEE.


Filed March 17, 2015.    No. A-14-613.


Appeal from the District Court for Douglas County: TIMOTHY P. BURNS, Judge. Reversed and remanded for further proceedings.

Jerrold L. Strasheim for appellant.

David N. Steier for appellee.


MOORE, Chief Judge, and IRWIN and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

James G. Jandrain appeals from the order of the district court for Douglas County which granted summary judgment in favor of Staff Mid-America, Inc. We find that the district court erred in overruling Jandrain's objection to certain portions of an affidavit offered into evidence by Staff Mid-America, and without considering the inadmissible portions, Staff Mid-America failed to prove that it is entitled to summary judgment. We therefore reverse and remand for further proceedings.

## BACKGROUND

Jandrain provided tax, business, and accounting services for Staff Mid-America in 2006. In early 2007, Jandrain submitted an invoice to Staff Mid-America for $40,000, and the parties

agreed that Staff Mid-America could partially pay for Jandrain's services by performing construction and repair services for Jandrain. Staff Mid-America did, in fact, perform certain services as partial payment. Jandrain commenced this action on January 6, 2012, alleging that there was still a balance due and owing on the invoice of not less than $35,000.

Staff Mid-America moved for summary judgment on the grounds that the action is barred by the statute of limitations. The only evidence Staff Mid-America offered in support of its motion at the hearing was the affidavit of Jerry McCloskey. Paragraph 1 of McCloskey's affidavit indicates that he is the president of Staff Mid-America and paragraphs 2 through 8 contain factual assertions regarding Staff Mid-America's agreement with Jandrain. Jandrain objected to paragraphs 4 through 8 on foundational grounds. He specifically argued that because there had been no showing that McCloskey has personal knowledge of the information contained in those paragraphs, they lack sufficient foundation. The objections were overruled and the affidavit was received into evidence in its entirety.

The district court granted the motion for summary judgment, finding that Jandrain's action is barred by the four year statute of limitations governing oral contracts. It concluded that the date on which Staff Mid-America made its final payment to Jandrain is relevant only to the amount of damages sustained and is irrelevant to application of the statute of limitations. Thus, the district court determined that the fact that Jandrain allowed Staff Mid-America to provide services to him as payment did not extend the statute of limitations. Based on this determination, the district court found that Jandrain's cause of action accrued in 2006 or, at the latest in early 2007, when Jandrain invoiced Staff Mid-America. Consequently, Jandrain's action was dismissed. This timely appeal followed.

## ASSIGNMENTS OF ERROR

Summarized and restated, Jandrain assigns that the district court erred in granting Staff Mid-America's motion for summary judgment because McCloskey's affidavit lacked sufficient foundation and genuine issues of material fact existed.

## STANDARD OF REVIEW

In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility. *Gourley v. Nebraska Methodist Health Sys.*, 265 Neb. 918, 663 N.W.2d 43 (2003).

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence. *Green v. Box Butte General Hosp.*, 284 Neb. 243, 818 N.W.2d 589 (2012).

## ANALYSIS

*McCloskey's Affidavit.*

Jandrain argues that the district court erred in receiving McCloskey's affidavit into evidence in its entirety because McCloskey failed to establish that the contents of the affidavit were made with personal knowledge. We agree.

Under Neb. Rev. Stat. § 25-1334 (Reissue 2008), supporting affidavits in summary judgment proceedings shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The Nebraska Supreme Court has limited its review to the pleadings in a case where affidavits offered in support of a motion for summary judgment contained no showing that the first vice president of the bank who executed them had personal knowledge of the facts set forth in the affidavits. See *First Nat. Bank in Morrill v. Union Ins. Co.*, 246 Neb. 636, 522 N.W.2d 168 (1994).

A review of McCloskey's affidavit shows that it fails to meet the requirements of § 25-1334. The affidavit does not specifically indicate that McCloskey has personal knowledge of the facts contained therein or how he was aware of the facts surrounding Staff Mid-America's agreement with Jandrain, other than in his current position as president of the company. The conclusory assertions that no payments were made after September 2007 or that no "revolving credit agreement" existed are not affirmatively shown to be competent statements within McCloskey's personal knowledge. As such, the district court erred in overruling Jandrain's objection to the affidavit.

*Genuine Issues of Material Fact.*

Staff Mid-America argued that it was entitled to summary judgment because Jandrain's action was barred by the statute of limitations. McCloskey's affidavit was the only evidence offered in support of the motion. Jandrain offered his own affidavits in opposition to summary judgment. Therein, he asserted that some of the services Staff Mid-America provided to him as payment for his services were performed after January 6, 2008.

A cause of action in contract accrues at the time of the breach or failure to do the thing that is the subject of the agreement. *Cavanaugh v. City of Omaha*, 254 Neb. 897, 580 N.W.2d 541 (1998). If a claim is based on a contract, a voluntary partial payment will restart the statute of limitations as of the date the payment was made, and the limitations period for the remaining balance will expire four years after the payment was made for oral contracts or five years after the payment was made for written contracts. See Neb. Rev. Stat. §§ 25-205, 25-206, 25-216 (Reissue 2008). The parties disagree as to whether a written contract existed.

Disregarding the inadmissible portions of McCloskey's affidavit, Jandrain's evidence that a partial payment was made less than four years before he commenced the action was uncontroverted. As such, Staff Mid-America failed to establish that Jandrain's claim was barred by the statute of limitations as a matter of law. Even if the inadmissible portions of McCloskey's affidavit could be considered, genuine issues of material fact exist as to the timing of the payments and the existence of a written agreement. We therefore reverse the order granting the motion for summary judgment and remand the cause to the district court for further proceedings.

Although Jandrain asserts the existence of other genuine issues of material fact as a basis for reversing the grant of summary judgment, it is not necessary to consider those remaining claims. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Millennium Laboratories, Inc. v. Ward*, 289 Neb. 718, 857 N.W.2d 304 (2014.)

## CONCLUSION

For the foregoing reasons, we reverse the district court's order and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.