IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

SFI LTD. PARTNERSHIP 53 V. RAY ANDERSON, INC.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

SFI LTD. PARTNERSHIP 53, A NEBRASKA LIMITED PARTNERSHIP, APPELLANT,

V.

RAY ANDERSON, INC., A NEBRASKA CORPORATION, APPELLEE.

Filed February 14, 2017.   No. A-15-1067.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

Jeffrey A. Silver for appellant.

Clay M. Rogers and Aaron F. Smeall, of Smith, Slusky, Pohren & Rogers, L.L.P., for appellee.

RIEDMANN and BISHOP, Judges, and MCCORMACK, Retired Justice.

MCCORMACK, Retired Justice.

### INTRODUCTION

SFI LTD. Partnership 53 (SFI LTD.) appeals from a district court order awarding Ray Anderson, Inc., $200,000 which had been held in an escrow account. The escrow account was created as part of a real estate sale in which Ray Anderson, Inc., sold certain real property in Omaha, Nebraska, to SFI LTD. On appeal, SFI LTD. challenges the district court's decision that its breach of contract claim was barred by the statute of limitations. In addition, it challenges the district court's decision that SFI LTD. waived the conditions that Ray Anderson, Inc., was supposed to satisfy before it was entitled to the money held in the escrow account. For the reasons set forth herein, we affirm the decision of the district court.

- 1 -

BACKGROUND

On August 12, 2005, SFI LTD. entered into a purchase agreement with Ray Anderson, Inc. to purchase certain real property located in Omaha, Nebraska. The purchase price for the property totaled $800,000. Prior to the sale of this real property, a gas station was operated there. SFI LTD. wished to develop the property into something other than a gas station.

On February 13, 2006, SFI LTD. and Ray Anderson, Inc. modified the original purchase agreement with a document titled "First Amendment to Purchase Agreement" (First Amended Agreement). As a part of this amended agreement, Ray Anderson, Inc. disclosed that the property "does possess environmental contamination from hazardous substances and/or hazardous materials under applicable environmental laws as a result of leakage from underground fuel storage tanks" and as a result of its use as a gas station. Ray Anderson, Inc. promised to take certain steps to remedy the contamination issues. These steps included: (1) within 90 days from the closing date of the sale, Ray Anderson, Inc. would remove all underground fuel storage tanks and any other underground equipment; (2) within 90 days from the closing date of the sale, Ray Anderson, Inc. would perform any required "back-filling, grading and compacting of the surface of the Property and replace any contaminated soils on the Property with clean, uncontaminated soils"; (3) within 90 days from the closing date of the sale, Ray Anderson, Inc. would obtain termination of the Right of Entry Agreement between Ray Anderson, Inc. and Amoco Oil Company and would obtain modification of the Use and Operating Restrictions contained in the deed to the property provided to Ray Anderson, Inc. by Amoco Oil Company; (4) within 2 years from the closing date of the sale, Ray Anderson, Inc. would obtain a "No Further Action" letter from the Nebraska Department of Environmental Quality; and (5) within 2 years from the closing date of the sale, Ray Anderson, Inc. would obtain "a written certification by an independent soils engineer that the environmental remediation, removal and cleanup of the Property has been finally completed by [Ray Anderson, Inc.].

In order to ensure that Ray Anderson, Inc. performed all of the above listed remediation actions, SFI LTD. placed $200,000 of the purchase price for the property into an escrow account. An "Escrow Agreement" entered into between the parties indicated that if Ray Anderson, Inc. did not perform all of the remediation actions within the time periods set forth, that SFI LTD. would be entitled to the money contained in the escrow account. If, however, Ray Anderson, Inc. did perform all of the remediation actions within the time periods set forth, it would be entitled to the money in the escrow account.

The parties closed on the sale of the property on February 15, 2006.

In January 2014, SFI LTD. filed a complaint in the district court alleging that Ray Anderson, Inc. did not comply with "each and all of the remediation obligations within the time frames in the First Amendment Agreement" and that, as a result, SFI LTD. was entitled to the $200,000 which remained in the escrow account.

Ray Anderson, Inc. filed an answer and a "counter-complaint." In its answer, it denied that it had failed to timely complete its remediation obligations. In addition, it alleged that SFI LTD.'s complaint was barred by the applicable statute of limitations and by the doctrines of laches, waiver, acceptance, unjust enrichment, and unclean hands. In its "counter-complaint," Ray Anderson, Inc.

alleged that SFI LTD. had breached the terms of the First Amended Agreement by failing to release the $200,000 in the escrow account to Ray Anderson, Inc. It requested that the court award that money to Ray Anderson, Inc. under the terms of the parties' contract. In the alternative, Ray Anderson, Inc. made a claim for a declaratory judgment concerning who was entitled to the money in the escrow account. Ray Anderson, Inc. alleged that it was entitled to the money because otherwise SFI LTD. would be unjustly enriched.

Subsequent to the filing of the parties' pleadings, both SFI LTD. and Ray Anderson, Inc. filed motions for summary judgment. A hearing was held on these motions on July 14, 2015. At the hearing, SFI LTD. presented evidence to demonstrate that Ray Anderson, Inc. had breached the First Amended Agreement. Specifically, SFI LTD.'s evidence indicated that Ray Anderson had failed to timely (1) remove all contaminated soil; (2) replace the contaminated soil with suitable "back fill;" (3) obtain a release of its right of entry agreement with Amoco Oil Company; (4) obtain a modification of the use and operating restrictions established by Amoco Oil Company; and (5) provide a No Further Action letter from the Nebraska Department of Environmental Quality. To the contrary, Ray Anderson, Inc. offered evidence to prove that it had, in fact, timely and fully performed all of its obligations under the First Amended Agreement.

Despite the conflicting evidence offered concerning whether Ray Anderson, Inc. had timely and fully performed all of its obligations under the First Amended Agreement, both parties presented evidence which established that all of the obligations undertaken by Ray Anderson, Inc. were to be completed, at the latest, by February 15, 2008, two years after the closing date, in order to comply with the terms of the First Amended Agreement.

At the close of the hearing, the district court entered an order. In the order, the court denied SFI LTD.'s motion for summary judgment, finding that SFI LTD.'s complaint was barred by the 5 year statute of limitations for a breach of contract action. The court also denied Ray Anderson Inc.'s motion for summary judgment as to its breach of contract action, again finding that such action was barred by the statute of limitations. However, the court granted Ray Anderson Inc.'s motion for summary judgment as to its declaratory judgment action. The court found that SFI LTD. had waived the conditions that Ray Anderson, Inc. was supposed to satisfy before it was entitled to the money held in the escrow account because SFI LTD. had failed to prosecute its breach of contract action within the appropriate statute of limitations.

SFI LTD. appeals from the district court's order. Additional facts will be discussed, as necessary, in the analysis section below.

## ASSIGNMENTS OF ERROR

On appeal, SFI LTD. asserts that the district court erred in finding (1) that its breach of contract claim against Ray Anderson, Inc. was barred by the statute of limitations and (2) that it had waived the conditions that Ray Anderson, Inc. was supposed to satisfy before Ray Anderson, Inc. was entitled to the money held in the escrow account.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of

- 3 -

all reasonable inferences deducible from the evidence. *Weber v. North Loup River Public Power and Irrigation District*, 288 Neb. 959, 854 N.W.2d 263 (2014). An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Id.*

The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Irving F. Jensen Co., Inc. v. State, Dept. of Roads*, 272 Neb. 162, 719 N.W.2d 716 (2006).

The interpretation of a contract involves a question of law, in connection with which an appellate court has an obligation to reach its conclusions independently of the determinations made by the court below. *Hans v. Lucas*, 270 Neb. 421, 703 N.W.2d 880 (2005).

ANALYSIS

BREACH OF CONTRACT CLAIM IS BARRED BY STATUTE OF LIMITATIONS

SFI LTD. first argues that the district court erred in overruling its motion for summary judgment on the basis that its breach of contract claim against Ray Anderson, Inc. was barred by the applicable statute of limitations. This assertion has no merit.

The statute of limitations for an action on a written contract is 5 years. Neb. Rev. Stat. § 25-205 (Reissue 2016); *National Bank of Commerce Trust & Savings Ass'n v. Ham*, 256 Neb. 679, 592 N.W.2d 477 (1999). Generally a cause of action accrues and the period of limitations begins to run upon the violation of a legal right, that is, when the aggrieved party has the right to institute and maintain suit. *Snyder v. Case*, 259 Neb. 621, 611 N.W.2d 409 (2000). A cause of action in contract accrues at the time of the breach or failure to do the thing agreed to. *Id.*

In this case, the district court found:

[T]he statute of limitations began to run on [SFI LTD.]'s breach of contract claim on February 16, 2008, the first day after the two-year deadline from closing when [Ray Anderson, Inc.] had contracted to have finished performance. Therefore, to file suit within the five-year statute of limitations, [SFI LTD.] needed to file suit by February 16, 2013. [SFI LTD.] did not initiate this action until almost 11 months after that. Thus, [SFI LTD.]'s breach of contract action is barred by the statute of limitations. . . .

The evidence presented at the summary judgment hearing supports the district court's finding. The uncontradicted evidence presented at the hearing revealed that pursuant to the First Amended Agreement and the Escrow Agreement, in order for Ray Anderson, Inc. to receive the $200,000 in the escrow account, it had to complete various remediation obligations by, at the latest, February 15, 2008, two years after the closing date for the sale. As a result, SFI LTD.'s breach of contract action accrued, at the latest, on February 16, 2008, the day after Ray Anderson, Inc. was to have finished all of the remediation obligations. Stated another way, by February 16, 2008, SFI LTD. had to have known whether Ray Anderson, Inc. had complied with the requirements in the agreements or whether he had breached those agreements. As such, its cause of action accrued on that date.

SFI LTD. did not file its complaint alleging that Ray Anderson, Inc. had breached the agreements until January 14, 2014, almost 6 years after Ray Anderson, Inc. was to have completed its remediation obligations. Given that the statute of limitations for a breach of contract action is 5 years, SFI LTD.'s complaint is clearly barred by the statute of limitations.

In its brief on appeal, SFI LTD. argues that even if the statute of limitations has passed on its breach of contract action, it can still assert its claim against Ray Anderson, Inc. because the parties waived the applicability of the statute of limitations within the First Amended Agreement. Specifically, SFI LTD. points to paragraph 9 of the First Amended Agreement, which provides:

Default: Notwithstanding anything contained in the Purchase Agreement to the contrary, if Purchaser is in default in performing its obligations under this Purchase Agreement, Seller shall be entitled to retain the Earnest Deposit together with interest earned thereon as liquidated damages. If Seller is in default in performing its obligations under this Purchase Agreement, Purchaser shall be entitled to receive a refund of its Earnest Deposit together with interest earned thereon or may seek any remedy at law or in equity, including but not limited to, specific performance. No delay or omission of any party in exercising any remedies or power accruing upon any event of default herein shall impair any remedies or power or shall be construed to be a waiver of any event of default or acquiescence therein.

SFI LTD. contends that this provision is a waiver of the statute of limitations. Ray Anderson, Inc. disputes SFI LTD.'s interpretation of this provision, however. It alleges that paragraph 9 of the First Amended Agreement "only makes clear that neither party is waiving their right to enforce the terms of the Purchase Agreement. It is neither an extension nor a waiver of the applicable statute of limitations." Brief of appellee at 6.

In its order, the district court found that paragraph 9 of the First Amended Agreement did not extend the statute of limitations for a breach of the agreement beyond five years. Upon our review of the agreement, we agree with the decision of the district court.

We first note that the language contained in paragraph 9 of the First Amended Agreement does not include any explicit reference to extending or waiving the statute of limitations for a breach of contract claim. And, because there is no such explicit reference in paragraph 9, that provision also does not indicate any specific time period for extending the statute of limitations. As a result, if we were to read paragraph 9 as a waiver or extension of the statute of limitations, that waiver or extension would result in the statute of limitations never expiring for a claim for a breach of the contract. Either of the parties could file a claim against the other party for a breach of the contract no matter how much time had passed since the breach. The Supreme Court has held that a court should avoid interpreting contract provisions in a manner that leads to unreasonable or absurd results that are obviously inconsistent with the parties' intent. See *Timberlake v. Douglas County*, 291 Neb. 387, 865 N.W.2d 788 (2015). When we consider the terms of the First Amended Agreement as a whole, we find that an indefinite waiver or extension of the statute of limitations would lead to an unreasonable result.

Moreover, when we review the First Amended Agreement together with the Escrow Agreement, we conclude that the parties' decision to place a portion of the purchase price into an

escrow account and to make Ray Anderson Inc.'s right to the money contained in that account contingent on its timely performance of certain remediation obligations, constitutes a separate and distinct "remedy" than that contemplated by paragraph 9 of the First Amended Agreement. The language contained in paragraph 9 does not refer to any specific default by either party, but instead contains only very generalized language. To the contrary, both paragraph 12 of the First Amended Agreement, which addresses Ray Anderson Inc.'s remediation obligations, and the Escrow Agreement as a whole contain very specific language about what constitutes a default of Ray Anderson Inc.'s remediation obligations and what SFI LTD.'s remedy is for any such default. In addition, both paragraph 12 of the First Amended Agreement and the Escrow Agreement as a whole provide very clear time limitations for Ray Anderson Inc.'s obligations and very clearly indicate that default occurs if Ray Anderson, Inc. does not fulfill its remediation obligations within those specific time periods. Nowhere in paragraph 12 or in the escrow agreement is there any mention of a waiver or extension of the statute of limitations.

When we consider the First Amended Agreement as a whole, we agree with the district court that paragraph 9 of that agreement does not constitute a waiver or extension of the statute of limitations for a breach of Ray Anderson Inc.'s remediation obligations under paragraph 12 of the agreement or a breach of SFI LTD.'s obligations under the escrow agreement. Accordingly, we conclude that the district court did not err in overruling SFI LTD.'s motion for summary judgment because its breach of contract claim is barred by the applicable statute of limitations.

## SFI LTD. WAIVED CONDITIONS PRECEDENT

SFI LTD. next argues that the district court erred in finding that it had waived the conditions that Ray Anderson, Inc. was supposed to satisfy before Ray Anderson, Inc. was entitled to the money held in the escrow account and, thus, erred in awarding the money in the escrow account to Ray Anderson, Inc. Upon our review, we affirm the decision of the district court.

In its order, the district court indicated that it was precluded from determining whether Ray Anderson, Inc. had timely performed the remediation obligations delineated in paragraph 12 of the First Amended Agreement because the statute of limitations had run for a breach of contract claim. The court then found that because SFI LTD. did not file a timely breach of contract action, it had effectively waived the conditions precedent to Ray Anderson, Inc. being entitled to the money in the escrow account.

A written contract may be waived in whole or in part, either directly or inferentially, and the waiver may be proved by express declarations manifesting the intent not to claim the advantage, or by so neglecting and failing to act as to induce the belief that it was the intention to waive. *Pearce v. ELIC Corp.*, 213 Neb. 193, 329 N.W.2d 74 (1982). Even conditions precedent in a contract may be waived. *Id.*

Ray Anderson Inc.'s timely performance of its remediation obligations was a condition precedent to SFI LTD.'s duty to pay Ray Anderson, Inc. the $200,000 contained in the escrow account. Stated another way, Ray Anderson, Inc. had to timely perform the remediation obligations before it would be entitled to the money in the escrow account. The parties dispute whether Ray Anderson, Inc. timely performed all of its remediation duties. However, our analysis of this issue is curtailed by SFI LTD.'s failure to bring its breach of contract action against Ray Anderson, Inc.

prior to the time the statute of limitations expired. Accordingly, we agree with the district court's finding that SFI LTD.'s failure to timely file its claim against Ray Anderson, Inc. constitutes a waiver of the condition precedent to SFI LTD.'s duty to pay Ray Anderson, Inc. the $200,000 contained in the escrow account.

As we discussed above, SFI LTD. knew as early as February 2008 whether Ray Anderson, Inc. had fully and timely performed its remediation duties under the First Amended Agreement or whether it had breached the agreement. However, SFI LTD. did not file suit against Ray Anderson, Inc. claiming any sort of breach until January 2014, almost six years later. During this lengthy time period, SFI LTD. continued to work with Ray Anderson, Inc. to ensure that all of the remediation efforts were completed. However, untimely completion of the remediation efforts would still constitute a clear breach of the First Amended Agreement. As such, when SFI LTD. failed to timely file a claim against Ray Anderson, Inc., that failure was an indication of its waiver of the condition precedent.

Under the facts of this case, we cannot say that the district court erred in awarding Ray Anderson, Inc. the $200,000 contained in the escrow account. We affirm.

## CONCLUSION

The district court did not err in overruling SFI LTD.'s motion for summary judgment, as its breach of contract claim was barred by the statute of limitations. The court also did not err in awarding Ray Anderson, Inc., the money contained in the escrow account because SFI LTD. waived the condition precedent to SFI LTD.'s duty to pay Ray Anderson, Inc., the $200,000 contained in the escrow account.

AFFIRMED.