IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

SAMPSON CONSTRUCTION CO. v. MARTIN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

SAMPSON CONSTRUCTION CO., INC, A NEBRASKA CORPORATION, APPELLEE,

v.

MITCHELL M. MARTIN, DOING BUSINESS AS AQUA PLUMBING & HEATING, DEFENDANT
AND THIRD-PARTY PLAINTIFF, APPELLANT, AND D.J. WELDING AND MFG., INC.,
A NEBRASKA CORPORATION, AND UNITED PLUMBING AND MECHANICAL, INC.,
A NEBRASKA CORPORATION, THIRD-PARTY DEFENDANTS, APPELLEES.

Filed June 19, 2018.    No. A-17-656.

Appeal from the District Court for Saline County: RICKY A. SCHREINER, Judge. Affirmed in part, and in part reversed.

Jonathan M. Frazer, P.C., L.L.O., for appellant.

Matthew G. Graff for appellee Sampson Construction Co., Inc.

Christina L. Usher, of Mattson Ricketts Law Firm, for appellee United Plumbing and Mechanical, Inc.

PIRTLE, RIEDMANN, and BISHOP, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Mitchell M. Martin, doing business as Aqua Plumbing & Heating (Aqua Plumbing), appeals the orders of the district court for Saline County which entered summary judgment in favor of D.J. Welding and Mfg., Inc. (D.J. Welding); United Plumbing and Mechanical, Inc. (United Plumbing); and Sampson Construction Co., Inc. (Sampson). Finding no genuine issue of material

fact, we affirm the orders granting summary judgment, but reverse the award of attorney fees to United Plumbing.

## BACKGROUND

Sampson is a commercial construction company specializing in general contracting and construction management. It entered into a contract on August 18, 2009, to build an addition to a medical center in Crete, Nebraska. In order to complete the project, it contracted with Aqua Plumbing to perform some of the work, including the welding of certain water pipes. In February 2010, Aqua Plumbing orally retained the services of two different subcontractors to perform the welding work. The owner's architect subsequently rejected all of the welds because they failed to conform to the contract specifications. Sampson notified Aqua Plumbing of the deficient work during February and March 2010, but Aqua Plumbing never corrected it. Sampson and Aqua Plumbing agree that their written agreement was terminated on May 7.

Sampson subsequently replaced the allegedly defective work through other contractors. It ultimately filed suit against Aqua Plumbing on March 4, 2014, alleging breach of the written contract. It alleged not only faulty workmanship, but that Aqua Plumbing failed to cure its material breach of the contract despite having been given notice and an opportunity to do so. It sought damages in the amount of $74,706, claiming that the amount was determined on or about April 30, 2011. Aqua Plumbing was served with a copy of the complaint on August 20, 2014. It responded to the complaint with an answer, counterclaim, and third-party complaint against D.J. Welding and United Plumbing.

In its counterclaim, Aqua Plumbing claimed that Sampson owed it $51,264 for work performed. In its third-party complaint, it alleged that it retained D.J. Welding and United Plumbing to perform the welding work that it had contracted to complete for Sampson and that those parties failed to perform the work in a good and workmanlike manner. The third-party complaint was filed on September 16, 2014.

D.J. Welding filed a motion for summary judgment on January 7, 2015, alleging that the action was barred by the statute of limitations. The evidence adduced at the hearing on the motion for summary judgment revealed that Aqua Plumbing orally retained D.J. Welding on or about February 26, 2010, to complete pipe welding work at the medical center because United Plumbing had previously been retained, but was unable to complete the work. D.J. Welding completed the work before March 1 and invoiced Aqua Plumbing for the job on March 3. Four days later, Sampson notified Aqua Plumbing that it was terminating the contract due to allegedly defective welding. The exact amount of damages was unknown until April 2011.

The district court determined that Aqua Plumbing's claim against D.J. Welding was barred by the 4-year statute of limitations governing oral contracts. Consequently, it entered summary judgment in favor of D.J. Welding on the third-party complaint.

A month later, United Plumbing filed a motion for summary judgment based on the running of the statute of limitations. It also sought attorney fees for Aqua Plumbing's failure to dismiss its claim against it once the court entered judgment on D.J. Welding's summary judgment motion.

At the hearing on the motion for summary judgment, United Plumbing adduced evidence that Aqua Plumbing contacted United Plumbing on or about February 25, 2010, to perform pipe

welding work at the Crete medical center. United Plumbing performed the requested work under an oral agreement on February 25 and 26, but could not complete the project because of other work commitments. United Plumbing billed Aqua Plumbing for the work performed on March 1.

The court determined that Aqua Plumbing was notified on May 7, 2010, that Sampson was terminating the contract due to allegedly defective welding. Because Aqua Plumbing did not serve a third-party complaint upon United Plumbing until September 25, 2014, the court concluded its action was barred by the 4-year statute of limitations governing oral contracts. The district court also imposed attorney fees in the amount of $1,000 against Aqua Plumbing for its failure to dismiss its third-party claim against United Plumbing following the order granting D.J. Welding's motion for summary judgment.

Following the dismissal of the third-party complaints, Sampson filed a motion for summary judgment claiming that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. At the hearing, Sampson argued that the issue before the court was not whether the welds were defective, but whether Aqua Plumbing failed to comply with the contract and dispute resolution terms once it was notified that the welds were allegedly defective. The evidence offered to support this motion is set forth more fully below. The court granted summary judgment in a subsequent written order, without setting forth any specific findings.

Aqua Plumbing appeals the court's granting of the three summary judgment motions and the award of attorney fees.

## ASSIGNMENTS OF ERROR

Aqua Plumbing assigns that the district court erred in granting the motions for summary judgment filed by D.J. Welding, United Plumbing, and Sampson and in awarding attorney fees in favor of United Plumbing.

## STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Sulu v. Magana*, 293 Neb. 148, 879 N.W.2d 674 (2016).

The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Irving F. Jensen Co. v. State*, 272 Neb. 162, 719 N.W.2d 716 (2006).

On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion. *Cisneros v. Graham*, 294 Neb. 83, 881 N.W.2d 878 (2016).

## ANALYSIS

*Summary Judgment on Basis of Statute of Limitations.*

The district court granted summary judgment in favor of both D.J. Welding and United Plumbing on the basis of the statute of limitations. Because the analysis as to each party is virtually identical, we address them together.

The evidence from the summary judgment hearings establish that Aqua Plumbing entered into oral contracts with both D.J. Welding and United Plumbing in February 2010. Both subcontractors completed their work by March 1. Sampson terminated its contract with Aqua Plumbing on May 10, due, in part, to defective welds. Sampson advised Aqua Plumbing of the amount of its damages on April 30, 2011, and filed suit against it in March 2014. Aqua Plumbing filed its third-party complaints against D.J. Welding and United Plumbing in September 2014.

The statute of limitation on an oral contract is 4 years. Neb. Rev. Stat. § 25-206 (Reissue 2016). A cause of action in contract accrues at the time of the breach or the failure to do the thing agreed to. *Irving F. Jensen Co. v. State, supra.* None of the parties contend that this action is governed by any other statute of limitations; therefore, we analyze the issue applying § 25-206.

United Plumbing and D.J. Welding both completed their work prior to March 1, 2010; therefore, any breach of the oral contracts into which they had entered occurred no later than that date. However, construing the evidence in the light most favorable to Aqua Plumbing, the district court determined that the statute of limitations did not begin to run until May 10, the date on which Aqua Plumbing was notified of the defective welds and that its contract was terminated. Aqua Plumbing did not file its third-party action until September 2014, well outside the 4-year period.

Aqua Plumbing argues that until it knew whether Sampson's claim would exceed the unpaid contract amount of $51,264, "it would have been impossible for [Aqua Plumbing] to initiate suit" against D.J. Welding or United Plumbing. Brief for appellant at 7 and 10. It claims that the statute of limitations should be tolled until April 30, 2011, the date on which Sampson gave notice of the extent of damages it was claiming against Aqua Plumbing. *Id.*

Aqua Plumbing's argument is contrary to established Nebraska law. The statute of limitations begins to run when the injured party has the right to institute and maintain a lawsuit. *Cavanaugh v. City of Omaha*, 254 Neb. 897, 580 N.W.2d 541 (1998). This is true even though the plaintiff may be ignorant of the existence of the cause of action. *Id.* And it remains true even though the nature and extent of damages may not be known. *Irving F. Jensen Co. v. State*, 272 Neb. 162, 719 N.W.2d 716 (2006).

In *Cavanaugh v. City of Omaha, supra*, the Nebraska Supreme Court affirmed that it consistently uses the "'occurrence rule,' measuring the statute of limitations from the time of the breach in contract cases and from the time of the act or omission in tort cases." *Id.* at 901, 580 N.W.2d at 545. Applying that approach, the court held that an employee's lack of knowledge as to whether the City's breach of a collective bargaining agreement would have an adverse effect on his efforts to be promoted did not preclude the statute of limitations from commencing on the day of the City's breach.

Likewise, in the present case, Aqua Plumbing's lack of knowledge of whether Sampson's damages would exceed the amount it allegedly owed Aqua Plumbing on the contract did not prevent the statute of limitations from commencing on the date of the breach, or as the district court determined, on the date Aqua Plumbing was advised its contract was terminated. Once Samson terminated Aqua Plumbing's contract on the basis of faulty welding, Aqua Plumbing had notice of a potential claim against its subcontractors, D.J. Welding and United Plumbing. Consequently, the statute of limitations on a breach of contract action had expired by the time the

third-party complaints were filed and the district court properly granted summary judgment in favor of D.J. Welding and United Plumbing.

*Award of Attorney Fees.*

In addition to summary judgment, United Plumbing sought an award of attorney fees pursuant to Neb. Rev. Stat. § 25-824 (Reissue 2016) on the basis that Aqua Plumbing's failure to dismiss its third-party complaint against United Plumbing was done in bad faith. The district court agreed that once it granted summary judgment in favor of D.J. Welding, the third-party action against United Plumbing was frivolous. Consequently, it awarded attorney fees to United Plumbing for having to prosecute its summary judgment motion. Aqua Plumbing asserts on appeal that the district court abused its discretion in granting attorney fees because had it voluntarily dismissed its claim against United Plumbing as requested, it would have foregone any chance of a successful appeal against United Plumbing. We agree.

Attorney fees may be assessed against a party whom the court determines is responsible for conduct during the course of litigation which is vexatious and unfounded to the extent it constitutes bad faith toward the other party to the litigation. *Stratman v. Hagen*, 221 Neb. 157, 376 N.W.2d 3 (1985). But it cannot be said that a party acts in bad faith by failing to dismiss a claim on an issue that it intends to appeal. Had Aqua Plumbing voluntarily dismissed its claim against United Plumbing and was ultimately successful in its appeal of the judgment in favor of D.J. Welding, it would have lost its claim against United Plumbing because it would no longer be a party to the action. Because Aqua Plumbing's refusal to voluntarily dismiss its third-party complaint against United Plumbing was neither vexatious nor unfounded, the district court abused its discretion in awarding attorney fees. We therefore reverse that portion of the order awarding attorney fees to United Plumbing.

*Summary Judgment in Favor of Sampson.*

Aqua Plumbing argues that the district court erred in granting summary judgment in favor of Sampson because there were multiple genuine issues of material fact. Brief for appellant at 13. It focuses primarily on the issue of whether the welds were defective; however, the existence of disputed facts do not necessarily preclude summary judgment if those facts are not material to the matters at issue. *Professional Mgmt. Midwest v. Lund Co.*, 284 Neb. 777, 826 N.W.2d 225 (2012).

Although Sampson's complaint sought recovery on the basis of both defective work and failure to cure a material breach after notice and a reasonable opportunity to do so, the focus of its motion for summary judgment was on the latter. At the hearing on the summary judgment motion, Sampson offered affidavits with attached contractual provisions governing the parties' responsibilities if a dispute as to the quality of the work arose. According to Sampson, because Aqua Plumbing did not comply with the requests for an action plan after being notified that its work was defective, it breached the contract, regardless of whether the welds were defective. Aqua Plumbing argued that Sampson was first required to show that the rejection of the work was reasonable.

The district court entered judgment in favor of Sampson, stating as its only reason that it found "no material issue of fact regarding [Sampson's] claim of breach of contract." It did not set

forth any facts supporting its decision, nor did it include any conclusions of law. Following a timely motion to alter or amend, the court entered an amended order, awarding costs and prejudgment and postjudgment interest.

The general conditions for the prime contract required continued performance during the pendency of a claim. Section 4.3.3 states: "Continuing Contract Performance. Pending final resolution of a Claim except as otherwise agreed in writing or as provided [in this contract], the Contractor shall proceed diligently with performance of the Contract and the Owner shall continue to make payments in accordance with the Contract Documents." Likewise, the subcontract between Sampson and Aqua Plumbing required that the "Subcontractor shall proceed diligently with performance of all work, including work in dispute and in accordance with the directions of the Contractor, pending resolution of any Dispute." The subcontract obligated Aqua Plumbing to be bound to Sampson to the same extent that Sampson was bound to the owner by the terms of the prime contract and that it would not take, or would suspend, any actions, including litigation, as to any dispute. The subcontract also allowed Sampson to terminate the contract for default based upon the Aqua Plumbing's failure to prosecute the work in a timely manner and with such diligence as Sampson believed was necessary to timely complete the project.

Consistent with the terms of the prime contract, Sampson notified Aqua Plumbing of deficiencies discovered by the owner's architect on February 24, 2010. It gave Aqua Plumbing until March 5 to correct the problems. On March 3, Sampson again contacted Aqua Plumbing to advise it that the quality of its welded pipe connections was suspect and that a testing company was being retained. Aqua Plumbing responded that it would "cut out the bad welds and replace them." On March 11, Sampson advised Aqua Plumbing that the testing revealed five of the six tested welds were defective and requested that Aqua Plumbing "provide a written plan of action" by March 15.

The evidence revealed that there was no accepted plan of action by March 15, 2010. Consequently, Sampson advised Aqua Plumbing that a company had been retained to replace the welded pipes. Sampson again contacted Aqua Plumbing on April 13 regarding uncompleted items and requested an action plan by April 16. Having received no response, Sampson inquired on April 16 whether Aqua Plumbing's "silence mean[s] you are requesting more time or are you choosing not to respond?" On May 7, Sampson terminated its subcontract with Aqua Plumbing.

Aqua Plumbing submitted an affidavit in opposition to Sampson's motion for summary judgment. It contested the appropriateness of the rejection of its work and the method by which it was determined defective. It did not contest, however, that it failed to submit an accepted plan of action or timely respond to Sampson's inquiries.

Aqua Plumbing raises fact questions as to the quality of the work performed on its behalf, but it does not raise a fact issue as to its failure to provide an action plan as requested and to perform the corrected work. In fact, Aqua Plumbing does not address this issue on appeal. As the Nebraska Supreme Court articulated in *Professional Mgmt. Midwest v. Lund Co.*, 284 Neb. 777, 792, 826 N.W.2d 225, 236 (2012), "not all issues of fact preclude summary judgment, but only those that are material. In the summary judgment context, a fact is material only if it would affect the outcome of the case."

Under the terms of the contract documents, Sampson was allowed to terminate the contract for default if Aqua Plumbing failed to prosecute the work in a timely manner. The contract further set forth the manner in which replacement of allegedly defective work was to be corrected. There is no question that Aqua Plumbing failed to abide by these requirements, regardless of whether its work was, in fact, defective. Because no genuine issue of material fact exists, the district court properly granted summary judgment in favor of Sampson.

Aqua Plumbing states in its brief that since "summary judgment was granted with no findings of fact on [the issue of defective workmanship], it was granted improperly, and this matter should be remanded back for trial." Brief of Appellant at 13. We disagree.

Neb. Rev. Stat. § 25-1127 (Reissue 2016) provides:

Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except, generally, for the plaintiff or defendant, unless one of the parties request it, with a view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law.

Our record includes no request by Aqua Plumbing for specific findings. Furthermore, Aqua Plumbing does not explain how it was prejudiced by the absence of any specific findings by the district court. Therefore this argument is without merit. See *Wells Fargo Ag Credit Corp. v. Batterman*, 229 Neb. 15, 424 N.W.2d 870 (1988) (refusing to address appellant's claim that summary judgment was improperly granted due to absence of specific findings).

## CONCLUSION

Finding no genuine issue of material fact, we affirm the district court's orders granting summary judgment in favor of D.J. Welding, United Plumbing, and Sampson, but we reverse the award of attorney fees to United Plumbing.

AFFIRMED IN PART, AND IN PART REVERSED.