VERNER MARKEL, APPELLANT, V. RICHARD GLASSMEYER, APPELLEE.

288 N. W. 821

FILED DECEMBER 8, 1939. No. 30646.

*Lloyd E. Peterson,* for appellant.

*Moran & James, Spencer & Neumeister* and *W. A. Robertson,* contra.

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

This action was commenced in the district court for Otoe county on August 10, 1935, by Verner Markel, as plaintiff, against Richard Glassmeyer, the defendant. To summarize, it may be said that the petition alleged that on .February 5, 1934, the defendant unlawfully made an assault on the body of plaintiff's wife, Sena Markel, and did then and there beat, wound and ill-treat said Sena Markel, whereby said Sena Markel sustained (here follows a specific description of the injuries inflicted). And it was further alleged that, as a direct result of said unlawful assault and on account of the injuries sustained by plaintiff's wife, medical services were required to the extent of $36.50; to

the extent of $150 for employing household help; and $5,000 for deprivation of the wife's services, society, comfort, and association. To this petition defendant filed his answer, and to this answer plaintiff replied. A trial of the issues to a jury resulted in a verdict and judgment for the plaintiff. An appeal to this court resulted in a reversal of the judgment entered in the district court because of the erroneous admission of incompetent evidence at the trial, and the case was remanded generally "for further proceedings." *Markel v. Glassmeyer*, 132 Neb. 716, 273 N. W. 33.

The record before this court discloses no challenges made to the sufficiency of the petition during the first trial or on appeal. After the filing and entry of the mandate, the district court sustained the motion of the defendant for leave to withdraw his answer to plaintiff's petition, for the purpose of demurring to plaintiff's petition. Thereupon, a general demurrer was filed by defendant, which, in appropriate language, challenged the sufficiency of the petition to state a cause of action against defendant, for the reason that it accrued more than one year prior to the commencement of the suit. This demurrer was sustained by the trial court. Thereafter, plaintiff then declining to plead further, his petition was dismissed at his own cost. Plaintiff now appeals.

His first challenge is to the power of the district court to permit the withdrawal of the defendant's answer and the filing of his general demurrer. Under the circumstances set forth in this record, this was plainly a matter of judicial discretion exercised by the trial court.

In *Edney v. Baum*, 70 Neb. 159, 97 N. W. 252, this court held:

"It is not error for the district court to permit answers to be withdrawn and a general demurrer to be filed, if the petition fails to state a cause of action, even if the case has been four times under consideration in this court, if no objection has been made to its sufficiency.

"By pleading to the merits, without raising them, a party

waives all defects by way of misjoinder or defect of parties, but not the lack of jurisdiction in the court, nor that the petition does not state a cause of action."

Appellant further challenges the correctness of the dismissal of his action by the trial court. He insists that, his action being for the loss of a wife's services, for medical expenses, and for other expenses of a wrongful attack by another upon her, it is within the words of section 20-207, Comp. St. 1929, prescribing a four years' limitation to an action "for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated." The trial court, it is evident, applied the provisions of section 20-208, Comp. St. 1929, which, by its terms, is applicable to causes of action for assault and battery.

Our first statute of limitations applicable to the facts here in dispute was enacted by the territorial legislature of 1855. It provided: "First.—Actions of slander, libel, malicious prosecution, injuries to the person, or for a statute penalty, within two years; * * * Third.— * * * and all other actions not otherwise provided for in this respect (were required to be brought), within five years." Vol. 1, Complete Session Laws of Nebraska, 1855 to 1865, p. 25.

In 1858 the present Code of Civil Procedure was enacted. The limitations provided for by the act of 1855 were repealed, and in lieu thereof the following was adopted:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued." Comp. St. 1929, sec. 20-204 (Code, sec. 9).

"Within four years * * * an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated." Comp. St. 1929, sec. 20-207 (Code, sec. 12).

"Within one year an action for libel, slander, assault and battery, malicious prosecution, or false imprisonment," etc. Comp. St. 1929, sec. 20-208 (Code, sec. 13).

The essential attribute of a statute of limitations is that it accords and limits a reasonable time within which a suit

may be brought upon causes of action which it affects. Limitations are created by statute and derive their authority therefrom. They evidence a public policy formally declared by the legislative department of government; and as applied to each classification made by it are based upon the similarity of the intrinsic or inherent elements which the causes of action so classified comprise, considered with reference to the nature of proof required to establish the existence of the same. So considered, the adopted policy of this state has announced a limitation of "within one year" for "an action for assault and battery," irrespective of the plaintiff who may institute the same. There is nothing in the context of the present statute of limitations above quoted which indicates that the words "action for assault and battery" are used in a narrow sense, or that the actions referred to are only those brought by the person suffering the physical impact. Indeed, whether the action be instituted by the husband for injuries sustained by him occasioning damages to himself, or be brought by the wife, the causative factor or element still remains the "assault and battery," as to which the nature of the proof required would be identical. It is evident that they were so considered by the legislature in fixing this period of limitation so declared. If the language "action for assault and battery" be accorded the interpretation which we find adopted by the standard lexicographers, the word "for," as thus employed in the language under consideration, has the ordinary signification of "on account of," "because of," "by means of," or "growing out of." *Mulvey v. City of Boston,* 197 Mass. 178, 83 N. E. 402, 14 Ann. Cas. 349.

Thus, it appears that the language employed in our one-year statute of limitations applicable to assault and battery is fairly inclusive of the cause of action set forth in plaintiff's petition. In addition, it forms a part of section 20-208, Comp. St. 1929, thus being within the purview of the phrase "not hereinafter enumerated" as employed in section 20-207, Comp. St. 1929, which precedes it in the original enactment. Also, we aré committed to the rule of

construction that, "Where different parts of the same statute are in irreconcilable conflict, the last words stand, and those in conflict therewith are disregarded." *Van Horn v. State,* 46 Neb. 62, 64 N. W. 365. It therefore appears that the action of the trial court in the dismissal of plaintiff's action based on that fact is correct.

It may be said that this is a case of first impression in this jurisdiction, and that the authorities elsewhere are not in harmony.

The principle here approved is sustained by, or is consistent with, the doctrines announced in the following cases, viz.: *Basler v. Sacramento Electric, Gas & Ry. Co.,* 166 Cal. 33, 134 Pac. 993; *Cravens v. Louisville & N. R. Co.,* 188 Ky. 579, 222 S. W. 930; *United States Fidelity & Guaranty Co. v. Blue Diamond Coal Co.,* 161 Va. 373, 170 S. E. 728; *Mullen v. Town of Newcastle,* 180 Ind. 386, 103 N. E. 1; *Mulvey v. City of Boston,* 197 Mass. 178, 83 N. E. 402, 14 Ann. Cas. 349; *Maxson v. Delaware, L. & W. R. Co.,* 112 N. Y. 559, 20 N. E. 544; *Black v. Eastern Pennsylvania Rys. Co.,* 257 Pa. St. 273, 101 Atl. 644; *Blackwell v. Memphis Street R. Co.,* 124 Tenn. 516, 137 S. W. 486; *Johnston v. Southern R. Co.,* 155 Tenn. 639, 299 S. W. 785.

Deeming that reversible error was not committed by the district court in the instant case, its judgment is

AFFIRMED.