Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/15/2022 12:08 AM CDT

Rysta Leona Susman et al., appellants, v.
Kearney Towing & Repair Center, Inc.,
a Nebraska corporation, appellee.

___ N.W.2d ___

Filed February 11, 2022.    No. S-21-277.

1. **Summary Judgment: Appeal and Error.** An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

2. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.

3. **Limitations of Actions: Statutes.** Limitations are created by statute and derive their authority therefrom.

4. **Limitations of Actions.** The essential attribute of a statute of limitations is that it accords and limits a reasonable time within which a suit may be brought upon causes of action which it affects.

5. **Limitations of Actions: Presumptions.** The statute of limitations is enacted upon the presumption that one having a well-founded claim will not delay enforcing it beyond a reasonable time if that person has the right to proceed.

6. ____. The mischief which statutes of limitations are intended to remedy is the general inconvenience resulting from delay in the assertion of a legal right which is practicable to assert.

7. **Limitations of Actions: Torts.** Neb. Rev. Stat. § 25-207 (Reissue 2016) provides that a tort action, described as an action for an injury to the rights of the plaintiff, not arising on contract, can only be brought within 4 years.

8. **Limitations of Actions.** A cause of action accrues and the statute of limitations begins to run when the aggrieved party has the right to institute and maintain a suit.

9. \_\_\_\_. Until the plaintiff has a right of action, the statute of limitations does not run and the plaintiff will have the full statutory period once the right of action comes into being.

10. **Actions.** A cause of action cannot accrue before the occurrence of all the elements that constitute a defendant's violation of a plaintiff's judicially protected right.

11. **Torts: Liability: Warranty.** Tort liability is not based upon representations or warranties.

12. **Torts: Liability: Negligence.** Tort liability is based on a duty imposed by the law to exercise that degree of care as would be exercised by a reasonable person under the circumstances.

13. **Torts: Liability: Negligence: Probable Cause.** It suffices to charge a person with liability for a negligent act if some injury to another ought reasonably to have been foreseen as the probable result thereof by the ordinarily intelligent and prudent person under the same circumstances.

14. **Negligence: Proof: Probable Cause: Damages.** A plaintiff in ordinary negligence must prove all four essential elements of the claim: the defendant's duty not to injure the plaintiff, a breach of that duty, proximate causation, and damages.

15. **Negligence: Proof.** A cause of action for negligence depends not only upon the defendant's breach of duty to exercise care to avoid injury to the plaintiff, but also depends upon a showing that the injury suffered by the plaintiff was caused by the alleged wrongful act or omission of the defendant.

16. **Negligence.** A cause of action for negligence does not consist simply of negligence or duty or injury standing alone.

17. **Justiciable Issues.** A party is not aggrieved and cannot institute and maintain suit if any element of that party's claim depends upon abstract questions or issues that might arise in a hypothetical or fictitious situation or setting and may never come to pass.

18. \_\_\_\_. The alleged injury to the plaintiff cannot be merely hypothetical; there must be an injury in fact in both a qualitative and temporal sense.

19. \_\_\_\_. To be an aggrieved party, the party must be able to allege an injury to itself that is distinct and palpable, as opposed to merely abstract, and the alleged harm must be actual or imminent, not conjectural or hypothetical.

20. **Actions: Proof.** The litigant must show that the injury can be fairly traced to the challenged action and is likely to be redressed by a favorable decision.

21. **Limitations of Actions: Negligence.** A plaintiff is not required to anticipate an injury from the probable negligence of someone else. The statute of limitations does not run until the injury has been actually received.
22. **Negligence.** Plaintiffs in an ordinary negligence action generally cannot rest their claims on the legal rights or interests of third parties.

Appeal from the District Court for Buffalo County: John H. Marsh, Judge. Reversed and remanded for further proceedings.

Michael F. Coyle and Karson S. Kampfe, of Fraser Stryker, P.C., L.L.O., for appellants.

Kristina J. Kamler and Stephen G. Olson II, of Engles, Ketcham, Olson & Keith, P.C., for appellee.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## INTRODUCTION

A vehicle owned by a construction company was involved in an accident that occurred when a rear tire of the vehicle suffered a tread separation. Employees of the construction company that were passengers of the vehicle at the time of the accident were injured. The employees brought a suit against the tire repair company that mounted the tire for the construction company, alleging ordinary negligence. Their action was brought more than 4 years after the installation of the tire but within 4 years of the accident. The tire repair company filed a motion for summary judgment based on the 4-year statute of limitations, which was initially denied but was ultimately granted upon a motion to reconsider. Plaintiffs appeal.

## BACKGROUND

Rysta Leona Susman, both individually and as natural mother of Shane Allen Loveland, a protected person; Loveland, by and through his temporary guardian and conservator, John Sauder; and Jacob Summers (individually and collectively

Loveland and Summers), filed a complaint against Kearney Towing & Repair Center, Inc. (Kearney Towing), on April 12, 2019, for negligence and breach of contract regarding a single-vehicle accident of a pickup truck, in which Loveland and Summers were passengers, occurring on May 1, 2015. The pickup was owned by Loveland's and Summers' employer, Dandee Concrete Construction, Inc. (Dandee Concrete).

The complaint alleged that the accident occurred when the right rear tire of the pickup truck suffered a tread separation which caused the driver to lose control, resulting in a roll-over. The complaint alleged that Kearney Towing "inspected, mounted, installed and balanced the used tires," which were on the pickup truck involved in the accident, and that at the time the used tires were installed, "the tires were 20 years of age in that they were manufactured in 1994."

The complaint alleged that Kearney Towing was negligent in that Kearney Towing holds itself out to the public as experts in "tire inspections, auto inspections and automobile main-tenance"; owes a duty to all customers and all individuals, including but not limited to Loveland and Summers; and is obligated to perform its work in a reasonably skilled and safe manner. Loveland and Summers alleged that Kearney Towing breached this duty and was negligent in the manner in which it inspected the used tires and installed them on the pickup truck. The complaint alleged that the negligence of Kearney Towing was the direct and proximate cause of both Loveland's and Summers' "catastrophic injuries."

In its answer, Kearney Towing affirmatively alleged, among other things, that Loveland and Summers' claim was barred by the applicable statute of limitations. Kearney Towing filed a motion for summary judgment on the basis that the matter was barred by the 4-year statute of limitations "provided for oral contracts and as set forth in Neb. Rev. Stat. § 25-206."

As part of this motion, Kearney Towing filed a statement of undisputed facts. The undisputed facts stated that the case revolved around a single-vehicle accident that occurred on

May 1, 2015. Loveland and Summers alleged in the complaint that Kearney "'inspected, mounted, installed and balanced the used tires that were on the subject 2003 Chevrolet Silverado SC1 truck occupied by . . . Loveland and . . . Summers at the time of the accident.'" Forming the basis of the complaint was an invoice by Kearney Towing, dated June 10, 2014, which was issued to Loveland's and Summers' employer, Dandee Concrete. This invoice stated that Kearney Towing performed "SCRAP TIRE 13-17 INCH TIRE" and "MOUNT AND BALANCE TIRE." The pickup truck involved in this incident was owned by Dandee Concrete. Loveland and Summers conceded that for the purposes of the motion for summary judgment, the court could assume Kearney Towing mounted the tire on a Dandee Construction pickup truck on June 10, 2014; that the tire failed on May 1, 2015, injuring Loveland and Summers; and that Loveland and Summers brought suit against Kearney Towing on April 12, 2019.

Kearney Towing argued at the hearing that the statute of limitations on Loveland and Summers' complaint is 4 years, whether it is based on the tort statute or the contract statute, and that the statute begins to run on the date of the act or the omission which gives rise to the claim. Ultimately, Kearney Towing argued that the cause of action was based upon an invoice from June 10, 2014; Loveland and Summers did not file their action until April 2019; and thus, it was outside the 4-year statute of limitations that expired in June 2018, so their claim was barred.

Loveland and Summers argued at the hearing that a cause of action accrues and the statute of limitations begins to run when the aggrieved party has a right to institute and maintain a suit. They asserted that no case in Nebraska has ever found that the statute of limitations starts before the injury occurs or before the existence of causation and damages. Thus, they asserted their causes of action accrued and the statute of limitations began when the injury occurred on the date of the accident. They claimed they gained the right to institute a lawsuit on

May 1, 2015, and timely filed their action within 4 years of that date.

The district court's original order on Kearney Towing's motion for summary judgment found that Loveland and Summers' negligence claim was governed by a 4-year statute of limitations under Neb. Rev. Stat. § 25-207 (Reissue 2016) and that the breach of contract claim was governed by Neb. Rev. Stat. § 25-206 (Reissue 2016) upon an oral contract. The court found that the negligence cause of action accrued on the date of the injury, which was May 1, 2015, and that thus, it was not barred by the 4-year statute of limitations under § 25-207. And the court found that "[t]here is at least a question of fact as to whether [Loveland and Summers'] contract claim is barred by the statute of limitations under [§] 25-206."

Kearney Towing filed a motion to reconsider, asserting, as relevant to this appeal, that the court erred in concluding that the statute of limitations for negligence actions, as set forth in § 25-207, begins to run on the date of a plaintiff's injury. Meanwhile, Loveland and Summers expressed their intention to dismiss their breach of contract claim with prejudice. In the court's order on Kearney Towing's motion to reconsider, the court acknowledged Loveland and Summers' stated intent to dismiss their breach of contract claim. The court then determined that, upon reconsideration, Loveland and Summers' cause of action for negligence accrued at the time the tire was installed, which was June 10, 2014, even though this date of the act or omission occurred before any injury to Loveland and Summers. The court accordingly found the negligence action was barred by the statute of limitations under § 25-207. The court reversed its original order and sustained Kearney Towing's motion for summary judgment, dismissed the negligence action, and found all other pending motions moot or overruled.

Still pending was a third-party complaint by Kearney Towing and Loveland and Summers' breach of contract action. On March 8, 2021, Loveland and Summers filed a motion

asking the court to dismiss their breach of contract cause of action with prejudice and either (1) reverse its March 2 order granting Kearney Towing's motion for summary judgment and entering judgment against Loveland and Summers on their negligence claim or (2) amend its March 2 order to also dismiss for lack of jurisdiction a third-party complaint by Kearney Towing. Alternatively, Loveland and Summers asked the court, in the event it overruled their motion to reconsider, to dismiss Kearney Towing's third-party complaint in order to "render all claim and controversy resolved and the [c]ourt's [o]rder final."

After a hearing was held, the court dismissed Loveland and Summers' breach of contract claim with prejudice as requested. The court also agreed that Kearney Towing's third-party claim was a derivative claim and dismissed it with prejudice for lack of jurisdiction. But, the court stated, it "remains convinced that a negligence cause of action accrues as soon as the act or omission occurs" and, while that rule results in [Loveland and Summers'] having fewer than 4 years after the accident to file their action, "a contrary rule would subject [Kearney Towing] to suit more than four years after it had any involvement with the tire in question." Loveland and Summers appeal the dismissal of their negligence claim on summary judgment as barred by the statute of limitations.

## ASSIGNMENTS OF ERROR

Loveland and Summers generally assign that the district court erred in sustaining Kearney Towing's motion to reconsider and, thereafter, granting summary judgment in favor of Kearney Towing. More specifically, Loveland and Summers assign that the district court erred in (1) ruling all tort claims accrue when the wrongful act or omission occurs, rather than when the plaintiff has the right to institute and maintain suit, disregarding the requirements of Neb. Rev. Stat. § 25-201 (Reissue 2016); (2) ruling negligence claims governed by § 25-207(3) accrue when the wrongful act or omission occurs,

rather than when a plaintiff suffers a direct injury to his or her rights resulting in actual damage; (3) ruling Loveland and Summers' negligence claim accrued, under § 25-207(3), on the date Kearney Towing's acts or omissions occurred, June 10, 2014, rather than the date their rights were directly injured and they sustained actual damage, May 1, 2015; and (4) ruling Loveland and Summers' negligence claim was time barred, under § 25-207(3), despite admitting they only had the right to institute and maintain suit for about 3 years, from May 1, 2015, to June 10, 2018.

## STANDARD OF REVIEW

[1,2] An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.[1] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.[2]

## ANALYSIS

The only issue presented in this appeal is the question of law of whether Loveland and Summers' cause of action for ordinary negligence accrued at the time of the accident or, instead, when Kearney Towing installed the tire on the pickup truck of Loveland and Summers' employer. Loveland and Summers do not claim that a discovery exception or estoppel applies to their action. If Loveland and Summers' cause of action accrued at the time of the accident, the statute of limitations did not begin to run until that time and the district

---

[1] *Sundermann v. Hy-Vee*, 306 Neb. 749, 947 N.W.2d 492 (2020).

[2] *Id.*

court erred in granting Kearney Towing's motion for summary judgment that was based on the statute of limitations. If, on the other hand, Loveland and Summers' cause of action accrued when Kearney Towing installed the tire, their action is time barred and the court did not err in granting the motion.

[3-6] Limitations are created by statute and derive their authority therefrom.[3] The essential attribute of a statute of limitations is that it accords and limits a reasonable time within which a suit may be brought upon causes of action which it affects.[4] The statute of limitations is enacted upon the presumption that one having a well-founded claim will not delay enforcing it beyond a reasonable time if that person has the right to proceed.[5] The mischief which statutes of limitations are intended to remedy is the general inconvenience resulting from delay in the assertion of a legal right which is practicable to assert.[6]

Three statutes govern the limitations period in this case. First, § 25-201 provides, in relevant part, that "[a] civil action shall be commenced only within the time prescribed in this chapter, after the cause of action has accrued." Neb. Rev. Stat. § 25-204 (Reissue 2016) then states that "[c]ivil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued."

[7] A series of statutes thereafter set forth the limitation periods for the specified civil actions. Of those, § 25-207

---

[3] *State ex rel. Labedz v. Beermann*, 229 Neb. 657, 428 N.W.2d 608 (1988); *Markel v. Glassmeyer*, 137 Neb. 243, 288 N.W. 821 (1939).

[4] *Id*.

[5] *Condon v. A. H. Robins Co.*, 217 Neb. 60, 349 N.W.2d 622 (1984). See, also, *Alston v. Hormel Foods Corp.*, 273 Neb. 422, 730 N.W.2d 376 (2007); *Shlien v. Board of Regents*, 263 Neb. 465, 640 N.W.2d 643 (2002).

[6] See *Casey v. Levine*, 261 Neb. 1, 621 N.W.2d 482 (2001). See, also, *Komar v. State*, 299 Neb. 301, 908 N.W.2d 610 (2018); *Shlien v. Board of Regents, supra* note 5; *Condon v. A. H. Robins Co., supra* note 5.

directly pertains to the present case. It provides, "The following actions can only be brought within four years: . . . (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated . . . ." We have explained that "[s]ection 25-207 provides that a tort action, described as 'an action for an injury to the rights of the plaintiff, not arising on contract,' 'can only be brought within four years.'"[7]

[8,9] The controlling statutes of limitations for ordinary negligence have not changed in substance since this State's inception. It has long been recognized in Nebraska that a cause of action accrues and the statute of limitations begins to run when the aggrieved party has the right to institute and maintain a suit.[8] We have said that until the plaintiff has a right of action, the statute of limitations does not run and the plaintiff will have the full statutory period once the right of action comes into being: "The universal rule of law is that the statute of limitations does not begin to run against a right of action until that right exists. The party who has the right of action has the full period of the statute in which to enforce it."[9] This is consistent with the standard rule that a claim

---

[7] *Alston v. Hormel Foods Corp., supra* note 5, 273 Neb. at 425, 730 N.W.2d at 381.

[8] *Condon v. A. H. Robins Co., supra* note 5. See, also, *Andersen v. A.M.W., Inc.*, 266 Neb. 238, 665 N.W.2d 1 (2003); *Egan v. Stoler*, 265 Neb. 1, 653 N.W.2d 855 (2002); *Cavanaugh v. City of Omaha*, 254 Neb. 897, 580 N.W.2d 541 (1998); *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994); *Central States Resources v. First Nat. Bank*, 243 Neb. 538, 501 N.W.2d 271 (1993); *Hoffman v. Reinke Mfg. Co.*, 227 Neb. 66, 416 N.W.2d 216 (1987); *Lake v. Piper, Jaffray & Hopwood Inc.*, 219 Neb. 731, 365 N.W.2d 838 (1985); *Kearney Clinic Bldg. Corp. v. Weaver*, 211 Neb. 499, 319 N.W.2d 95 (1982); *T. S. McShane Co., Inc. v. Dominion Constr. Co.*, 203 Neb. 318, 278 N.W.2d 596 (1979); *Barney v. City of Lincoln*, 144 Neb. 537, 13 N.W.2d 870 (1944).

[9] *Bohrer v. Davis*, 94 Neb. 367, 370, 143 N.W. 209, 210 (1913), *overruled on other grounds, Criswell v. Criswell*, 101 Neb. 349, 163 N.W. 302 (1917).

accrues when the plaintiff has a complete and present cause of action.[10]

[10] It is the combination of all the elements of a claim that gives rise to a cause of action.[11] Thus, we have long held that a cause of action cannot accrue before the occurrence of all the elements that constitute a defendant's violation of a plaintiff's judicially protected right.[12]

[11-13] Tort liability is not based upon representations or warranties.[13] Rather, it is based on a duty imposed by the law to exercise that degree of care as would be exercised by a reasonable person under the circumstances.[14] A person acts negligently if the person does not exercise reasonable care under all the circumstances.[15] It suffices to charge a person with liability for a negligent act if some injury to another ought reasonably to have been foreseen as the probable result thereof by the ordinarily intelligent and prudent person under the same circumstances.[16]

[14-16] A plaintiff in ordinary negligence must prove all four essential elements of the claim: the defendant's duty not

---

[10] See, *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); 1 Am. Jur. 2d *Actions* § 63 (2016). See, also, *Anthony K. v. Nebraska Dept. of Health & Human Servs.*, 289 Neb. 540, 855 N.W.2d 788 (2014).

[11] See *Emel v. Standard Oil Co.*, 117 Neb. 418, 220 N.W. 685 (1928).

[12] See, *Henderson v. Forman*, 240 Neb. 939, 486 N.W.2d 182 (1992); *Condon v. A. H. Robins Co., supra* note 5; *Westover v. Hoover*, 94 Neb. 596, 143 N.W. 946 (1913). See, also, *Ward v. City of Alliance*, 227 Neb. 306, 417 N.W.2d 327 (1988).

[13] *Wilke v. Woodhouse Ford*, 278 Neb. 800, 774 N.W.2d 370 (2009).

[14] See, *Thomas v. Board of Trustees*, 296 Neb. 726, 895 N.W.2d 692 (2017); *A.W. v. Lancaster Cty. Sch. Dist. 0001*, 280 Neb. 205, 784 N.W.2d 907 (2010).

[15] *Hodson v. Taylor*, 290 Neb. 348, 860 N.W.2d 162 (2015).

[16] *McClelland v. Interstate Transit Lines*, 142 Neb. 439, 6 N.W.2d 384 (1942). See, also, *Erickson v. Monarch Indus.*, 216 Neb. 875, 347 N.W.2d 99 (1984); *Gillotte v. Omaha Public Power Dist.*, 185 Neb. 296, 176 N.W.2d 24 (1970).

to injure the plaintiff, a breach of that duty, proximate causation, and damages.[17] A cause of action for negligence depends not only upon the defendant's breach of duty to exercise care to avoid injury to the plaintiff, but also depends upon a showing that the injury suffered by the plaintiff was caused by the alleged wrongful act or omission of the defendant.[18] In one of our earliest cases on this subject, we explained: "'The cause of action in any case embraces not only the injury which the complaining party has received, but it includes more. All the facts which, taken together, are necessary to fix the responsibility are parts of the cause of action.'"[19] A "cause of action," we said, "has never consisted simply of negligence or duty or injury standing alone."[20]

[17] And, under longstanding principles of justiciability, a party is not aggrieved and cannot institute and maintain suit if any element of that party's claim depends upon abstract questions or issues that might arise in a hypothetical or fictitious situation or setting and may never come to pass.[21] This fails to present a present case or controversy for the court.[22]

[18-21] More specifically, we have explained that the alleged injury to the plaintiff cannot be merely hypothetical; there must be an injury in fact in both a qualitative and temporal sense.[23] To be an aggrieved party, the party must be able to allege an injury to itself that is distinct and palpable, as opposed to merely abstract, and the alleged harm must be

---

[17] See *Zeller v. County of Howard*, 227 Neb. 667, 419 N.W.2d 654 (1988). See, also, *Talbot v. Douglas County*, 249 Neb. 620, 544 N.W.2d 839 (1996).

[18] See *Condon v. A. H. Robins Co., supra* note 5.

[19] *Westover v. Hoover, supra* note 12, 94 Neb. at 601, 143 N.W. at 948.

[20] *Id.* See, also, e.g., *Emel v. Standard Oil Co., supra* note 11.

[21] See *State v. Baltimore*, 242 Neb. 562, 495 N.W.2d 921 (1993). See, also, *Ryder Truck Rental v. Rollins*, 246 Neb. 250, 518 N.W.2d 124 (1994).

[22] See *Ryder Truck Rental v. Rollins, supra* note 21.

[23] See City *of Springfield v. City of Papillion*, 294 Neb. 604, 883 N.W.2d 647 (2016).

actual or imminent, not conjectural or hypothetical.[24] Further, the litigant must show that the injury can be fairly traced to the challenged action and is likely to be redressed by a favorable decision.[25] In summary, we have plainly held, "A [plaintiff] is not required to anticipate an injury from the probable negligence of some one else. The statute of limitations does not run until the injury has been actually received."[26]

[22] Before the accident, Loveland and Summers were not aggrieved parties with a right to institute and maintain a suit against Kearney Towing for ordinary negligence. While the manner in which Kearney Towing installed the tire could arguably have given rise at that time to an action against it by Loveland's and Summers' employer as the aggrieved party, plaintiffs in an ordinary negligence action generally cannot rest their claims on the legal rights or interests of third parties.[27] It is undisputed that Loveland and Summers had no professional or contractual relationship with Kearney Towing.

When Kearney Towing allegedly negligently installed the tire, any future accident and resultant harm to Loveland and Summers, as the proximate result of the allegedly negligent tire installation, would have been purely speculative. Kearney Towing argues that at the time of its alleged misconduct in installing the tire, it breached its duty to all persons and entities Kearney Towing reasonably should have foreseen might be injured as the probable result of its actions. We express no opinion regarding the duty, if any, owed by Kearney Towing to anyone as a result of mounting the tire. But it is obvious that Loveland and Summers could not have brought and maintained suit at the time of the tire installation based merely

---

[24] See *Central Neb. Pub. Power Dist. v. North Platte NRD*, 280 Neb. 533, 788 N.W.2d 252 (2010).

[25] See *id.*

[26] *Morse v. Chicago, B. & Q. R. Co.*, 81 Neb. 745, 747, 116 N.W. 859, 860 (1908). Accord, *Shavlik v. Walla*, 86 Neb. 768, 126 N.W. 376 (1910); *Chicago, R. I. & P. R. Co. v. Andreesen*, 62 Neb. 456, 87 N.W. 167 (1901).

[27] See *State v. Baltimore, supra* note 21.

upon being within a broad group of persons who might suffer some harm in the future. This would allow the plaintiff to anticipate the injury before it was actually received.

Accordingly, Loveland and Summers had no right at the time of the tire installation to institute and maintain an ordinary negligence action against Kearney Towing. Indeed, Kearney Towing does not assert otherwise. Instead, Kearney Towing suggests the Legislature has determined as a policy matter that the statute of limitations shall begin to run upon the occurrence of the misconduct against all parties who then or thereafter might be harmed by the misconduct, whether or not they had a right to institute and maintain suit when the misconduct occurred. That this could lead in some circumstances to the statute of limitations running against a right of action before that right exists, depriving the party of the full period of the statute to enforce it, or of any period at all, is of no consequence. Kearney Towing argues the Legislature has determined that the moment of the misconduct is easily identifiable and that ordinary tort-feasor liability is thereby reasonably limited in time.

We disagree that the statutes controlling the limitations period for ordinary negligence reflect any such determinations. We find no merit to Kearney Towing's argument that the Legislature has adopted, for ordinary negligence actions, an "occurrence rule" under which the cause of action accrues and the statute of limitations begins to run against all possible future, hypothetically aggrieved parties upon the occurrence of the defendant's misconduct standing alone. Nor has the Legislature enacted a "discovery" rule to govern the accrual of ordinary negligence claims.

Specifically, we do not agree with Kearney Towing's argument that § 25-207 delimits to the sole element of "injury" when the "cause of action" for ordinary negligence has "accrued," as stated in §§ 25-201 and 25-204. Leaving aside for the moment that this injury is "to the rights of the plaintiff," and not to hypothetical rights that might foreseeably be affected

in the future, § 25-207 is, similar to many other statutes after § 25-204, simply setting forth the period of years of limitation in bringing the specified cause of action once it has accrued. For example, § 25-206 simply sets forth that "[a]n action upon a contract, not in writing," can only be brought within 4 years. We cannot conceive how this provision describes which of the traditional elements of an action upon a contract, not in writing, must exist before such "cause of action" has "accrued."

While we have said that Neb. Rev. Stat. § 25-222 (Reissue 2016) adopts an occurrence rule for professional negligence actions, it is not applicable here, and its language is notably different from § 25-207. Section 25-222 sets forth the occurrence rule by stating that an action to recover damages based on alleged professional negligence shall be commenced within 2 years "after the alleged act or omission," and the occurrence rule is, in that same statute, "tempered or ameliorated by a provision for discovery."[28]

We disagree with Kearney Towing's argument that if § 25-222 modifies when a "cause of action" has "accrued," then all the statutes following § 25-204 must likewise be delineating what elements are required for the respective causes of action to accrue. As we have said, § 25-207 provides that a tort action, described as "an action for an injury to the rights of the plaintiff, not arising on contract," can only be brought within 4 years.[29] It does not do more.

In any event, we do not agree with Kearney Towing's suggestion that the term "injury" in § 25-207 would equate to the defendant's general act of misconduct, abstracted from any harm the plaintiff may or may not have suffered. We have concluded that a cause of action for professional negligence accrues upon the dereliction of duty, even when the breach may have produced a recovery of only nominal damages.[30]

---

[28] *Rosnick v. Marks*, 218 Neb. 499, 506, 357 N.W.2d 186, 191 (1984).

[29] *Alston v. Hormel Foods Corp., supra* note 5.

[30] See *Rosnick v. Marks, supra* note 28. See, also, *Williams v. Elias*, 140 Neb. 656, 1 N.W.2d 121 (1941).

We have relatedly discussed, principally in the context of professional negligence, that "injury, in its legal sense, is misconduct" or "the invasion of any legally protected interest of another," while "damage is the legal term applied to the loss resulting from misconduct,"[31] stating that the "tort accrues as soon as the act or omission occurs."[32]

But we have not thereby simply equated the element of the defendant's breach of a duty with the plaintiff's "injury" or held that the statute of limitations begins to run against persons who are not yet aggrieved and would, therefore, be unable to present a justiciable action. The discussed invasion of the plaintiff's legally protected right has never been solely based on being a member of the public who could foreseeably be harmed in the future. Instead, we have reiterated in this context that the statute of limitations begins to run when the aggrieved party has the right to institute and maintain suit.[33] We simply clarified that such right exists even when the full nature and extent of damages may not be known.[34]

Finally, in support of its contention that the statute of limitations started running upon the installation of the tire,

---

[31] *Rosnick v. Marks, supra* note 28, 218 Neb. at 504, 357 N.W.2d at 190 (internal quotation marks omitted).

[32] *Guinn v. Murray*, 286 Neb. 584, 596, 837 N.W.2d 805, 816 (2013). Accord *Carruth v. State*, 271 Neb. 433, 712 N.W.2d 575 (2006); *Alston v. Hormel Foods Corp., supra* note 5; *Berntsen v. Coopers & Lybrand*, 249 Neb. 904, 546 N.W.2d 310 (1996); *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 507 N.W.2d 275 (1993). See, also, *In re Estate of Adelung*, 306 Neb. 646, 947 N.W.2d 269 (2020); *Shlien v. Board of Regents, supra* note 5; *Teater v. State*, 252 Neb. 20, 559 N.W.2d 758 (1997).

[33] *Rosnick v. Marks, supra* note 28.

[34] *Id*. See, also, *Wallace v. Kato, supra* note 10; *Weyh v. Gottsch*, 303 Neb. 280, 929 N.W.2d 40 (2019); *Irving F. Jensen Co. v. State*, 272 Neb. 162, 719 N.W.2d 716 (2006); *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992); *Broekemeier Ford v. Clatanoff*, 240 Neb. 265, 481 N.W.2d 416 (1992); *L.J. Vontz Constr. Co. v. Department of Roads*, 232 Neb. 241, 440 N.W.2d 664 (1989); *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985).

Kearney Towing relies heavily on one paragraph in *Grand Island School Dist. #2 v. Celotex Corp.*[35] In that paragraph, this court stated the proposition that statutes of limitations begin to run upon accrual of a cause of action and that a cause of action accrues when the aggrieved party has the right to institute and maintain a suit. It then went on to say that "[i]n a contract action[,] this means as soon as breach occurs, and in tort, as soon as the act or omission occurs."[36] This language was dicta, as the issue in *Celotex Corp.* was whether a discovery rule could apply to save the plaintiff's claims. To the extent the statement in *Celotex Corp.* could be interpreted as saying that the statute of limitations for claims covered by § 25-207(3) will begin to run upon the act or omission of the defendant, regardless of whether the plaintiff has yet been aggrieved by that misconduct, we find it inconsistent with other precedent and the controlling statutes and it is disapproved.

Until the accident, Loveland and Summers were not aggrieved parties and their ordinary negligence action had not yet accrued. Accordingly, the 4-year statute of limitations did not begin to run against Loveland and Summers when the tire was installed, and the court erred in granting summary judgment in favor of Kearney Towing on the grounds that it was barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, we reverse the district court's order of summary judgment and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

MILLER-LERMAN, J., not participating.

---

[35] *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979).

[36] *Id.* at 562-63, 279 N.W.2d at 606.